UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT ALLAN JOHNSON,

    Plaintiff,

v.                                      Case No. 4:22-cv-64-MW/MJF

J. SHULER, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, initiated this civil-rights action pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff alleges that FDC employees used excessive force when they sprayed chemical agents into Plaintiff's ear. Doc. 6 at 5-6. Defendants Mercer and Shuler have moved to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. Doc. 20. Defendant Lyons adopted Mercer and Shuler's motion to dismiss. Doc. 27. Plaintiff filed a response in opposition to the motion dismiss and an amended response in opposition. Docs. 22, 25. Because Plaintiff sufficiently exhausted his administrative remedies before commencing this lawsuit, the District Court should deny Defendants' motions to dismiss.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Florida Department of Corrections ("FDC"). Plaintiff alleges that on July 2, 2020, Defendants violated the Eighth Amendment when they sprayed chemical agents into Plaintiff's ear. Doc. 6 at 5. On July 8, 2020, Plaintiff filed an informal grievance that related to Defendants' use of chemical agents. *Id.* at 6; Doc. 20-1.

On July 17, 2020, FDC employee J. Jamison responded to the informal grievance:

> You request for administrative remedy has been reviewed and evaluated. The issue of your complaint has been referred to the investigation section of the Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you. As action has been initiated, *you may consider your grievance approved from that standpoint*. This does not constitute substantiation of your allegations.
>
> . . .
>
> Based on the above information, your grievance is <u>Approved</u>. (Returned, Denied, Approved). If your informal grievance is denied you have the right to submit a formal grievance in accordance with Chapter 33.103.006, F.A.C.

Doc. 20-1 at 2 (emphasis added).

Because Jamieson's response stated that Plaintiff could consider his grievance "approved," Plaintiff did not file a formal grievance or a grievance appeal to the central office. Doc. 20 ; *see* Doc. 6; Doc. 22.

Several months later, on January 22, 2021, Plaintiff filed an inmate request to the classification office.[1] Doc. 22 at 7. In this request, Plaintiff inquired whether an approved grievance could be appealed. *Id.* On February 2, 2021, FDC employee R. Adams responded that Plaintiff could "not file a formal [grievance] on [an] approved informal [grievance]" but Plaintiff could request a follow up. *Id.*

Based on this response, Plaintiff made no further effort to exhaust his administrative remedies. Specifically, he did not file a formal grievance at the institutional level or an appeal to the FDC's Central Office. Doc. 6 at 6; Doc. 20-2 at 2; Doc. 20-3 at 2.

## II. Discussion

### A.  The PLRA's Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits concerning prison conditions, including claims of excessive force. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

---

[1] It is unclear from the record whether this inmate request related to Plaintiff's "approved" informal grievance of July 17, 2020.

Exhaustion of available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Additionally, "the PLRA exhaustion requirement requires *proper exhaustion*." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

"To determine 'proper exhaustion' in prisoner civil rights actions, courts must look to the requirements of the 'prison grievance system.'" *Gipson v. Renninger*, 750 F. App'x 948, 951 (11th Cir. 2018) (quoting *Woodford*, 548 U.S. at 95). That is "[a] prisoner must comply with rules 'defined not by the PLRA, but by the prison grievance process itself.'" *Id.* (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Thus, "[s]tate law 'determines what steps are required to exhaust.'" *Arias v. Perez*, 758 F. App'x 878, 880-81 (11th Cir. 2019) (quoting *Dimanche v. Brown*, 783 F.3d 1204, 1207 (11th Cir. 2015)).

"Baked into" this exhaustion requirement is an exception: "[a]n inmate need exhaust only such administrative remedies as are 'available.'" *Varner v. Shepard*, 11 F.4th 1252, 1258 (11th Cir. 2021) (quoting *Ross v. Blake*, 578 U.S. 632, 648 (2016)), *cert. denied*, 142 S. Ct. 1172 (2022). In other words, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to

obtain 'some relief for the action complained of.'" *Id.* (citing *Ross*, 578 U.S. at 642). Administrative remedies are "available" when they offer "the possibility of some relief for the action complained of." *Id.* (citing *Booth*, 532 U.S. at 738). The Supreme Court noted that there are "three kinds of circumstances in which an administrative remedy, although officially on the books is not capable of use to obtain relief." *Ross*, 578 U.S. at 643. First, "when the procedure 'operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, when the administrative remedies process is "so opaque it becomes, practically speaking, incapable of use." *Id.* And, finally, "when prison administrators thwart inmates from taking advantage of the grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

**B.    The FDC's Grievance Procedure**

Under Florida law, inmates have a three-step grievance process for exhausting administrative remedies. As the Eleventh Circuit has described it:

> The grievance procedure applicable to Florida prisoners is set out in § 33-103 of the Florida Administrative Code. Section 33-103 contemplates a three-step sequential grievance procedure: (1) informal grievance; (2) formal grievance; and then (3) administrative appeal. *Dimanche*, 783 F.3d at 1211. Informal grievances are handled by the staff member responsible for the particular area of the problem at the institution; formal grievances are handled by the warden of the institution; and administrative appeals are handled by the Office of the Secretary of the FDOC. *See* Fla. Admin. Code §§ 33-103.005– 103.007. To exhaust these remedies, prisoners ordinarily must complete these steps in order and within the time limits set forth in § 33-103.011, and

> must either receive a response or wait a certain period of time before proceeding to the next step. *See id.* § 33-103.011(4).

*Pavao v. Sims*, 679 F. App'x 819, 824 (11th Cir. 2017); *see Arias*, 758 F. App'x at 880-81.

## C. The Exhaustion Analysis

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of establishing. *Varner*, 11 F.4th at 1257 (citing *Jones*, 549 U.S. at 216). In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts should follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the PLRA. The defense of failure to exhaust should be treated as a matter in abatement. *Id.* at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quoting *Bryant*, 530 F.3d at 1374).

Adjudication of a motion to dismiss for failure to exhaust administrative remedies involves two steps. *Varner*, 11 F.4th at 1257 (citing *Turner*, 541 F.3d at 1082). First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *Turner*, 541 F.3d at 1082. If they conflict, the court accepts the plaintiff's version as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*; *see Varner*, 11 F.4th at 1258.

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id*. Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies. *See, e.g.*, *Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009).

D.     **Application of the *Turner* Analysis to the Present Case**

The parties do not dispute the facts relating to Plaintiff's efforts to exhaust his administrative remedies:

- On July 8, 2020, Plaintiff timely filed an informal grievance relating to Defendants' use of force on July 2, 2020. Doc. 6 at 6; Doc. 20 at 2; Doc. 20-1.

- On July 17, 2020, FDC employee J. Jamison approved Plaintiff's grievance and referred Plaintiff's complaint of excessive force to the inspector general. Doc. 6 at 6; Doc. 20-1 at 2; Doc. 22 at 5.

- The FDC advised Plaintiff that "[i]f your informal grievance is *denied* you have the right to submit a formal grievance in accordance with Chapter 33.103.006, F.A.C." Doc. 20-1 at 2 (emphasis added); Doc. 22 at 5.

- Because Plaintiff's informal grievance was "approved," Plaintiff did not file a formal grievance at the institutional level or an appeal to the Central Office. Doc. 6 at 6; Doc. 20-2 at 2; Doc. 20-3 at 2.

The parties dispute whether exhaustion of administrative remedies required Plaintiff to take additional steps after the FDC stated that it "approved" Plaintiff's informal grievance and referred it to the inspector general for review. Defendants argue that each step of the three-step process is mandatory and that the failure to complete each step entails a failure to exhaust administrative remedies. Doc. 20 at 2, 9-10. Plaintiff, on the other hand, argues that once the FDC "approved" his grievance, nothing required him to continue the three-step process. Doc. 22 at 2.

At least six district courts have held that once the FDC refers a grievance to the inspector general for further investigation, the plaintiff has fully completed the grievance procedure.[2] Additionally, these courts have held that once the FDC has

---

[2] *See, e.g.*, *Ham v. Salmon*, No. 20-CV-81071-RAR, 2022 WL 1555080, at *6 (S.D. Fla. May 17, 2022); *Norman v. Maddox*, No. 4:20-cv-437-MW/MJF, 2021 WL 2144251, at *5 (N.D. Fla. Apr. 27, 2021), *report and recommendation adopted*, No. 4:20-cv-437-MW/MJF, 2021 WL 2139423 (N.D. Fla. May 26, 2021); *Luckey v. May*, No. 5:14-CV-315-MW-GRJ, 2016 WL 1128426, at *10 (N.D. Fla. Feb. 17, 2016), *report and recommendation adopted sub nom. Luckey v. Officer May*, No.

referred a grievance to the inspector general's office, a plaintiff is not required to pursue subsequent stages of the administrative grievance process or wait for the conclusion of the inspector general's investigation. *See Hardin v. Jones*, No. 3:18-cv-3-J-32JBT, 2020 WL 325649, at *4 (M.D. Fla. Jan. 21, 2020).

These courts explained that because a Plaintiff is only required to exhaust "available" remedies, and no further remedy is available to these grieving inmates, the inmates have properly exhausted their administrative remedies. *Luckey*, 2016 WL 1128426, at *10. Stated another way, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." *Id.* (quoting *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005)); *see generally Varner*, 11 F.4th at 1258 ("In order to be 'available,' an administrative procedure must offer 'the possibility of some relief for the action complained of.'").

---

5:14-cv-315-MW/GRJ, 2016 WL 1169481 (N.D. Fla. Mar. 22, 2016); *Mohanlal v. Aretino*, No. 3:12-CV-1021-J-34JRK, 2016 WL 70592, at *7 (M.D. Fla. Jan. 6, 2016); *Espinal v. Young*, No. 4:13-cv-116-RH-CAS, 2015 WL 5353005, at *2-5 (N.D. Fla. Aug. 19, 2015); *Fulmore v. Leigh*, No. 8:12-CV-1705-T-30EAJ, 2014 WL 2441864, at *7 (M.D. Fla. May 30, 2014); *Lanier v. Smith*, No. 3:08-CV-833J12JRK, 2009 WL 1758904, at *1 (M.D. Fla. June 19, 2009); *see Johnson v. Bates*, No. 1:13-cv-00087-MP-GRJ, 2014 WL 896999, at *3 (N.D. Fla. Mar. 6, 2014) (noting that none of the plaintiff's "formal or informal grievances were approved at the institutional level so as to exhaust remedies at an institutional level and make an appeal unnecessary.").

In Plaintiff's case, Plaintiff's grievance requested that FDC officials address Defendants' use of excessive force and retain video camera footage of the event. Plaintiff's informal grievance was "approved," and the matter was referred to the inspector general for investigation and review. *See generally* Fla. Admin. Code R. 33-103.015(3) (providing that an approval of a grievance allows the warden or his representative to grant and implement appropriate relief). The inspector general is responsible for investigating any allegation that an inmate "has been unlawfully abused or is the subject of sexual misconduct." Fla. Stat. § 944.35(3)(d); *see Ham*, 2022 WL 1555080, at *6. Additionally, during a use-of-force review, all applicable video recordings must be preserved. *See Watson v. Edelen*, 76 F. Supp. 3d 1332, 1346 (N.D. Fla. 2015) (discussing FDOC Procedure 602.004(3) and retention of videos of use of force); *see generally* Fla. Admin. Code R. 33-602.210. Thus, by approving Plaintiff's grievance, the FDC provided to Plaintiff all that Plaintiff sought.

Defendants—who bear the burden of demonstrating that Plaintiff failed to exhaust his administrative remedies—do not indicate that there was any other relief that the FDC could have provided Plaintiff after the FDC approved his informal grievance and referred it to the office of the inspector general. *See* Fla. Admin. Code R. 33-103.014(1)(o) (noting that the grievance process is an appeal process). Defendants also do not identify any portion of the FDC administrative code that

requires an inmate to take further steps when a grievance is "approved." *Fulmore*, 2014 WL 2441864, at *7; *see* Doc. 20-1 at 2 (noting that "[i]f your informal grievance is *denied* you have the right to submit a formal grievance in accordance with Chapter 33.103.006, F.A.C.") (emphasis added).

Furthermore, by informing Plaintiff that his grievance was "approved," the FDC induced Plaintiff to believe that no further action was required on his part. If the FDC actually approved in part and denied in part Plaintiff's grievance, the FDC should have said so explicitly. "An administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." *See Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011); *see also Geter v. Baldwin State Prison*, 974 F.3d 1348, 1358 (11th Cir. 2020) (concluding that allegations that prison officials provided misleading assistance or advice could render the grievance process "unavailable" under *Ross*); *Davis v. Fernandez*, 798 F.3d 290 295-96 (5th Cir. 2015). Plaintiff, therefore, sufficiently exhausted his administrative remedies.

### III. CONCLUSION

Because Plaintiff exhausted his administrative remedies, the undersigned respectfully **RECOMMENDS** that the District Court:

1.     **DENY** Defendants' motions to dismiss. Docs. 20, 27.

2.   Recommit this case to the undersigned for further proceedings on Plaintiff's claims.

At Pensacola, this 18th day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**